Oliver T. REINHART, Jr., Appellant,

v.

SECRETARY, HEALTH & HUMAN SERVICES, Appellee.

No. 83–1340.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1983.

Decided May 4, 1984.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., Chalk S. Mitchell, Asst. U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., W. Emmitt Roberts, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Cathey, Goodwin, Hamilton & Moore, Paragould, Ark., for appellant.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HUNTER,[*] Senior District Judge.

FAGG, Circuit Judge.

Oliver T. Reinhart, Jr., appeals from the district court's order affirming the Secretary of Health and Human Services' decision to deny his application for Social Security disability benefits. Reinhart alleges total disability for a period beginning January 1980 due to psychiatric problems, along with severe back, neck, and leg pain. The Administrative Law Judge (ALJ) determined that Reinhart was not eligible to receive disability benefits because he did not suffer from a severe impairment expected to last for a continuous period of at least twelve months. *See* 20 C.F.R. § 404.-1505 (1983). This determination was upheld by the Appeals Council and the district court.

Reinhart has been diagnosed by his treating physicians, Drs. Sexton and Maddock, and his examining physicians, Drs. Belivacqua and Guthrie, as suffering from hysterical neurosis with conversion, a psychological disorder which transforms emotions into physical manifestations of pain. All of the physicians further recognize that Reinhart is frequently and severely depressed, with Dr. Belivacqua indicating his belief that Reinhart is potentially suicidal. Reinhart, at the administrative hearing, testified extensively as to the pain from which he is suffering and the effect that pain has on his daily activities. Reinhart's son and father both confirmed that Reinhart testified accurately respecting his daily activities and the problems he is having.

Our review of the record reveals that the Secretary failed properly to consider the uncontradicted medical evidence of record and failed properly to consider Reinhart's subjective complaints of pain in assessing his disability. We therefore remand to the Secretary for further consideration in light of this opinion.

The ALJ, in denying Reinhart's claim for benefits, failed properly to consider the uncontradicted medical opinions of four physicians who determined that Reinhart suffers from a medical condition that could be reasonably expected to produce pain. *See* 20 C.F.R. § 404.1529 (1983). In assessing Reinhart's disability, the ALJ concluded that Reinhart has had no physical impairments since October 1977 and that his allegations of severe continuous pain are not credible. While the ALJ acknowledges that Reinhart has been diagnosed as suffering from hysterical neurosis with conversion, he totally ignores the significant role of this illness in causing pain. By concentrating on the fact that laboratory testings indicate that Reinhart's "spine is entirely normal both in the cervical and lumbar regions" and in paying only lip service to the physicians' diagnoses of a psychological illness which can cause real pain, the ALJ impliedly concludes that there is no medical evidence to substantiate Reinhart's allegations of severe continuous pain. The ALJ cannot simply ignore the uncontradicted medical evidence that Rein-

[*] The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

hart suffers from pain having its origin in a psychological disorder. *See McDonald v. Schweiker*, 698 F.2d 361, 365 (8th Cir.1983); *Behnen v. Califano*, 588 F.2d 252, 254 (8th Cir.1978); *Klug v. Weinberger*, 514 F.2d 423, 427 (8th Cir.1975).

█ The ALJ also failed properly to evaluate the impact of Reinhart's depression on his ability to engage in substantial gainful activity. Although Reinhart was hospitalized in both January and February of 1980 for severe depression with suicidal ideations, the ALJ states that Reinhart's "alleged disability is based primarily on his complaints of severe and debilitating pain * * *." The ALJ was obligated to consider the combined effect of Reinhart's impairments. 20 C.F.R. § 404.1522 (1983). As stated by the court in *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir.1974): "Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being." *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir.1984) (quoting *Landess v. Weinberger, supra*, 490 F.2d at 1190).

Finally, we find that the ALJ, in determining whether Reinhart suffered from a severe impairment, failed properly to consider Reinhart's complaints of pain. The ALJ stated that "[s]ince [Reinhart's] alleged disability is based primarily on his complaint of severe and debilitating pain, he was observed very closely during the hearing * * *." Based upon those observations, the ALJ concluded that "[h]is allegations of severe continuous pain are not credible."

█ Credibility findings are for the ALJ in the first instance. While the ALJ may disbelieve Reinhart's subjective complaints of pain because of inherent inconsistencies or other circumstances, *see Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983), the ALJ is not free to reject the claimant's complaints of pain solely on the basis of the personal observations made of the claimant during the hearing. *Ballowe v. Harris*, 650 F.2d 130, 133 n. 2 (8th Cir.1981); *see Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 448 (8th Cir.1983); *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir. 1983). Further, the ALJ may not disregard a claimant's subjective complaints of pain solely because the objective medical evidence does not fully support them. *O'Leary v. Schweiker, supra,* 710 F.2d at 1342; *Simonson v. Schweiker, supra,* 699 F.2d at 429. We have already noted that the uncontradicted record evidence indicates that Reinhart suffers from a psychological disorder that transforms emotions into pain. Although the doctors are unable to verify the severity of pain from which Reinhart suffers as a result of his condition, Reinhart is not obligated to produce evidence of the cause and effect relationship between his disorder and the pain he experiences. *Simonson v. Schweiker, supra,* 699 F.2d at 429; *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir.1978).

Having found that the ALJ failed properly to consider the uncontradicted medical opinions of four physicians explaining the basis for Reinhart's pain, the effect of Reinhart's depression on his ability to engage in substantial gainful activity, and Reinhart's testimony regarding the pain he suffers, we remand to the Secretary for reconsideration of whether Reinhart suffers from a severe and disabling impairment. In view of the ALJ's statement that "[c]laimant has clearly failed to sustain the burden of establishing that he does have an impairment or combination of impairments which would prevent him from engaging in all substantial gainful activity," we ask the ALJ to bear in mind the proper allocation of the burden of proof. If Reinhart demonstrates that he is unable to return to his past relevant work as a result of his impairments, the burden shifts to the Secretary to establish that he retains the capacity to do other kinds of work and to demonstrate that there are jobs available in the national economy that realistically suit his qualifications and capabilities. *Warner v.*

*Heckler*, 722 F.2d 428, 430–31 (8th Cir. 1983). Finally, in view of the ALJ's apparent hesitation to accept the medical evidence presented as sufficient verification for Reinhart's complaints of severe and debilitating pain, we suggest that the ALJ more fully and thoroughly develop the record in this regard. *Id.* at 431.

We reverse and remand to the district court with directions to remand to the Secretary for further proceedings consistent with this opinion.