822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michiel W. DALEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1777
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before JONES, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Michiel W. Daley appeals from the district court's order affirming the Secretary's decision that Daley did not have a severe impairment and thus was not entitled to Supplemental Security Income ['SSI'] disability benefits. The ALJ erred in not considering Daley's somatoform disorder as a medically determinable impairment, and his conclusion that Daley was not suffering from a severe impairment is not supported by substantial evidence. We therefore reverse and remand with instructions for the Secretary to continue the sequential evaluation process at step three.
 
 
 2
 Daley is a 48-year-old high school graduate. He owned and operated a gas station with his brother until 1972. He held a series of temporary jobs in 1972, but has not been engaged in any substantial gainful activity since that time.
 
 
 3
 Daley complains of a variety of symptoms, including dizziness, soreness in his hands and legs, stomach and chest pain, shortness of breath and exhaustion upon mild exertion. From 1974 to 1984, Daley was seen by numerous physicians and psychiatrists, none of whom were able to find a physical cause for his symptoms. He was repeatedly diagnosed as having some type of a somatoform disorder.
 
 
 4
 The medical record indicates that on October 24, 1974, Daley was given a psychiatric evaluation by Dr. Arnold Werner, M.D., at Michigan State University. Dr. Werner diagnosed hysterical neurosis, conversion type, and concluded that Daley was disabled and unable to work.
 
 
 5
 From 1976 to 1978, Daley was treated at the Veteran's Administration Hospital in Saginaw, Michigan. His final diagnosis was 'somatic obsessions.' His last treating physician in October 1978 noted that Daley had an 'obsession with finding organic reason for multiple somatic complaints.'
 
 
 6
 In February 1979, Daley was seen by Dr. Granada, who administered the Minnesota Multiphasic Personality Inventory. Dr. Granada diagnosed Daley as suffering from severe depersonalization neuroses, and recommended treatment by psychotherapy. In May 1980, Dr. Granada opined that Daley was permanently disabled due to 'physiological malfunction from mental factors, muscoskeletal,' based on Daley's total lack of improvement after 10 hours of psychotherapy.
 
 
 7
 In December 1981, Daley was given a psychological assessment by Dr. Arnold Berkman, Ph.D., a psychologist at the Michigan State University Psychological Consultation and Diagnostic Clinic. The assessment procedures included an interview, the Minnesota Multiphasic Personality Inventory, the Incomplete Sentences Blank, and the Thematic Apperception Test. Dr. Berkman found that 'Mr. Daley's overall performance on several personality measures was suggestive of an individual with a strong tendency to somatize and deny his psychological conflicts.' Dr. Berkman indicated that Daley's 'defensive style would make him a poor candidate for psychotherapy.'
 
 
 8
 Daley applied for SSI benefits in January 1983. He appeared for a hearing before the Administrative Law Judge on August 16, 1983. At the request of the Secretary, Daley received another psychiatric assessment by Dr. Arthur R. Basel, M.D. on January 2, 1984. Dr. Basel interviewed Daley, but did not administer any standardized psychological tests. Dr. Basel noted that Daley's impairments did not adversely affect his memory, common sense judgment, and intellectual functioning. On the basis of his interview and his review of the other medical reports, Dr. Basel concluded that 'from a mental status standpoint, [Daley] is not impaired. He also is certainly capable of handling his own funds.'
 
 
 9
 The ALJ issued his decision finding that Daley did not have a severe impairment on March 28, 1984. The ALJ accepted Dr. Basel's conclusion that Daley was not mentally disabled. He found that Daley had failed to establish the existence of a medically determinable impairment which could be shown to be the cause of his symptoms. He thus found that Daley's testimony as to his symptoms was not credible. He concluded that Daley was not suffering from a severe impairment and was not disabled. Daley sought review in the district court which affirmed the Secretary's decision on July 25, 1985. Daley appeals that order of the district court.
 
 
 10
 Daley argues that the ALJ failed to apply the correct legal standard by refusing to consider the somatoform disorder as a medically determinable impairment. We agree that the ALJ erred in not considering Daley's psychological disorders as a medically determinable impairment which could cause his physical symptoms. An individual's statement as to symptoms may constitute evidence of disability provided it is supported by 'medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged.' 42 U.S.C. Sec. 423(d)(5)(A) (emphasis supplied). Complaints of pain and other symptoms cannot be dismissed merely because they stem from a psychological abnormality, so long as the abnormality is shown by medical signs and findings, which are established by medically acceptable clinical or laboratory diagnostic techniques. Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir. 1985). See also Reinhardt v. Secretary of Health and Human Services, 733 F.2d 571, 573 (8th Cir. 1984) (ALJ may not ignore evidence of psychological origin of pain); Miracle v. Celebreeze, 351 F.2d 361, 376 (6th Cir. 1965) (psychosomatic overlay does not mean an imaginary complaint).
 
 
 11
 The medical evidence in the record demonstrates that Daley's psychological abnormality was established by medically acceptable clinical diagnostic techniques. Daley established that this impairment significantly limited his ability to perform basic work-related activities described in 20 C.F.R. Sec. 416.921(b). Thus the ALJ's conclusion that Daley does not suffer from a severe impairment is not supported by substantial evidence. We conclude that Daley suffers from a severe impairment under step two of the sequential evaluation process. Daley's claim must therefore be remanded to the Secretary to continue the evaluation process at step three. Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir. 1985); Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).
 
 
 12
 The judgment of the district court is therefore VACATED and the case is REMANDED to the district court for remand to the Secretary for further proceedings consistent with this opinion.