**Darnell COCKERHAM, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 89–5071.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Feb. 6, 1990.

George H. Smith, Minneapolis, Minn., for appellant.

Donna L. Calverg, Chicago, Ill., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Darnell Cockerham appeals from a final order entered in the District Court for the District of Minnesota affirming the decision of the Secretary of the Department of Health and Human Services (Secretary) denying him disability insurance benefits. For reversal, appellant argues that the Secretary erred in finding that (1) he was not presumptively disabled and (2) he was able to perform his past work. For the reasons discussed below, we affirm the order of the district court in part and reverse in part, and remand with directions to the district court to remand the case to the Secretary for further findings concerning appellant's claims of subjective pain.

## I. Facts

Appellant alleges disability due to strabismus [1] and blindness in his right eye, borderline mental retardation, back and stomach problems, nervousness, and difficulty withstanding stress. Appellant has been blind in his right eye since birth, and some months before his application for disability benefits he underwent surgery to improve the eye's appearance.

Appellant applied for disability benefits in 1986, when he was 25 years old. His application was denied one year later. The only medical evidence existing when appellant applied for disability benefits concerned his eye surgery. Because further medical evidence was necessary to support the disability application, appellant underwent both physical and psychological consultive examinations. The doctor conducting the physical examination concluded that aside from blindness in the right eye, appellant was healthy and could perform any type of physical work. A psychological examination revealed a verbal I.Q. of 71, a performance I.Q. of 74, and a full scale I.Q. of 72.[2] Appellant was found to have poor abilities in English, writing and mathematics, as well as few interests and hobbies. Appellant was diagnosed as borderline

mentally retarded and mildly depressed. The examining psychologist concluded that appellant might be suited for unskilled entry level work. Subsequent to these medical examinations, appellant received drug treatment at the county medical center for insomnia and depression.

Two experts reviewed this medical evidence to assess appellant's mental functioning. A psychiatrist determined that appellant demonstrated a severe mental impairment, based primarily on his low I.Q., but that this impairment did not meet or equal the criteria necessary to establish presumptive disability under the Secretary's Listing of Impairments as set forth in the Social Security Regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1989). The psychiatrist found that appellant had no significant mental limitations on his ability to work at simple jobs, and could interact with others on a relatively brief and infrequent basis. A psychologist also reviewed the medical evidence and similarly concluded that appellant had a severe mental impairment as manifested by his low I.Q., but his I.Q. was not so low that it constituted presumptive disability under the Secretary's Listing of Impairments.

At the administrative hearing, appellant testified that he had worked in the past as a janitor at a McDonald's restaurant, as a gas station attendant pumping gas, and as a laborer for a lawn care service. The janitor's job involved cleaning the restaurant using a broom, mop, bucket, window cleaner, paper towels, and a toilet brush. Appellant was fired from his jobs at McDonald's and the gas station because of tardiness. Appellant testified that he probably could perform the janitor job but preferred to do something else. He has been unemployed since the onset of his alleged disability.

In addition to appellant's testimony, several friends and relatives submitted daily activity questionnaires concerning appellant's functioning, daily activities, and be-

---

1. Strabismus is an involuntary deviation of the eye. *Dorland's Illustrated Medical Dictionary* 1256 (26th ed. 1985).

2. I.Q. scores of 90–109 are commonly diagnosed as average intelligence. D. Wechsler, *Manual for Wechsler Adult Intelligence Scale* 28 (rev. ed. 1981).

havior. They stated that appellant has difficulty withstanding stress and is withdrawn. They describe appellant as having poor personal hygiene and requiring supervision in dressing. The statements also note that appellant is able to cook, clean, shop, and visit relatives and friends. He is described as a regular and punctual attendant of an adult literacy group to which he belongs.

## II. ALJ's Findings

The Administrative Law Judge (ALJ) determined that although appellant's I.Q. of 71 constituted a severe impairment, appellant was not presumptively disabled because his I.Q. score was not low enough to meet the requirements set forth in the Listing of Impairments. The ALJ found that appellant could perform his past work as a janitor, and denied his application for benefits. The ALJ found that appellant's vision problems would not interfere with his ability to perform his past work, because appellant had performed the job with this condition and the condition had not worsened. The ALJ also found that although appellant was a credible witness, his subjective complaints of stomach and back problems were not supported by objective medical evidence of a physical impairment.

The ALJ concluded that appellant's low I.Q. and its secondary effects would limit him to unskilled, repetitive work. The ALJ further concluded, based on the daily activity questionnaires submitted by appellant's relatives and friends, that appellant could not perform jobs involving stress or significant contact with others. The ALJ concluded that because appellant's past job as a janitor did not involve these restrictions, appellant could perform his past work.[3] The Social Security Administration's Appeals Council denied appellant's request for

review and adopted the ALJ's decision as the final decision of the Secretary. The district court entered a final order affirming the decision of the Secretary. This appeal followed.

## III. Legal Analysis

■ In order to sustain the Secretary's decision, there must be substantial evidence on the record as a whole. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). This standard of review requires more than merely canvassing the record to determine if substantial evidence exists which supports the Secretary's findings; rather, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

### A. Presumptive Disability

■ Appellant first contends that the Secretary's decision that he is not presumptively disabled is not supported by substantial evidence on the record as a whole. Appellant claims that he established presumptive disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C), which provides that a claimant is presumptively disabled upon a showing of "[a] valid, verbal performance or full scale I.Q. of 60–69 inclusive and a physical or mental impairment imposing additional and significant work-related limitation of function." [4] If a claimant is found presumptively disabled, vocational factors (ability to perform past or other work) will not be considered. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1989).

■ Appellant's lowest I.Q. score was 71, and he does not challenge the validity of that score.[5] Rather, he argues that

---

**3.** Although the ALJ specifically found that appellant could return to his past job as a janitor at McDonald's, ALJ Order at 5, he failed to note or discuss the fact that appellant was fired from his janitorial job at McDonald's because of tardiness.

**4.** To establish presumptive disability under this category, the claimant must show both an I.Q. of 60–69 *and* an additional, significant work-related limitation of function. A claimant with an

I.Q. of 59 or lower is considered presumptively disabled on the basis of I.Q. alone, and need not establish an additional limitation. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(B) (1988).

**5.** When more than one I.Q. score is derived from a given test, the lowest of the I.Q. scores is used in applying the Social Security regulations. *Webber v. Secretary of Health & Human Servs.,* 784 F.2d 293, 298 n. 6 (8th Cir.1986).

because this score is so close to the upper range score of 69 required by the regulations, he should be given the benefit of the doubt and awarded benefits. He points out that the Social Security Act is remedial and should be liberally construed. *Celebrezze v. Bolas*, 316 F.2d 498, 500 (8th Cir.1963). However, appellant fails to cite any case or administrative decision which finds presumptive disability when the claimant has an I.Q. above 69.

Appellant failed to establish presumptive disability under the regulations because his lowest I.Q. is not 69 or lower.[6] Clearly, he narrowly missed meeting this listing. However, the question of whether a claimant meets a listed impairment is strictly a medical determination. 20 C.F.R. §§ 404.-1526(b), 416.926(b); *see* S.S.R. 83.19 (Cum. Ed.1988). To aid in that determination, the ALJ considered the expert opinions of a psychiatrist and a psychologist, who each found that appellant had an I.Q. of above 69. *See Fox v. Heckler*, 776 F.2d 738, 742 (7th Cir.1985) (designated physician's opinion that claimant did not meet or equal a listed impairment must be received into the record and given appropriate weight). Accordingly, the Secretary's determination that appellant is not presumptively disabled is supported by substantial evidence on the record as a whole and is affirmed.

### B. Ability to Perform Past Work

■ After finding that appellant had not established presumptive disability, the ALJ then considered whether appellant had established disability when vocational factors were considered. Under this standard, if a claimant has a severe impairment, residual functioning capacity and ability to perform past work are considered. 20 C.F.R. § 404.1520(a). A claimant whose alleged impairment is an I.Q. of 70–79 inclusive has alleged a severe impairment and may be considered disabled after consideration of vocational factors. *Webber v. Secretary of Health & Human Services*, 784 F.2d 293, 298 n. 7 (8th Cir.1986).

■ Although the ALJ found that appellant's I.Q. constituted a severe impairment, he concluded that appellant could perform his past work as a janitor. Appellant argues that this conclusion is not supported by substantial evidence on the record as a whole. First, appellant contends that the ALJ improperly concluded that his blindness in one eye was not a disabling impairment preventing him from performing a janitor job. He argues that his vision in the other eye might deteriorate over time. There is absolutely no evidence in the record to suggest a possibility of vision deterioration. Appellant's eye condition has remained unchanged since birth and appellant had held several jobs despite this condition. *See Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982) (court upholds ALJ's finding that blindness in one eye had not interfered with previous work).

■ Appellant next argues that the ALJ improperly required objective medical evidence to substantiate his subjective complaints of lower back pain and stomach problems. In determining whether appellant could perform his past work, the ALJ found that "[t]he claimant was generally a credible witness although his complaints were not generally documented by the objective medical record." ALJ Order at 6. Under Eighth Circuit precedent, the ALJ erred in requiring objective medical evidence to verify appellant's subjective complaints of pain. An ALJ may not disregard a claimant's subjective complaints of pain solely because there is no objective medical evidence to support them. *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir. 1983); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983) (*Simonson*); *Brand v. Secretary of H.E.W.*, 623 F.2d 523, 526 (8th Cir.1980).

■ While appellant bears the burden of proving that his alleged disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship be-

---

**6.** Application of the regulation's criteria does not defeat the Social Security Act's remedial purpose, *see Celebrezze v. Bolas*, 316 F.2d 498, 500 (8th Cir.1963), because a claimant found not presumptively disabled may still establish disability by proving that he or she is unable to perform his past work.

tween the impairment and his pain need not be produced. *Reinhart v. Secretary, Health & Human Services*, 733 F.2d 571, 573 (8th Cir.1984) (*Reinhart*); *Simonson*, 699 F.2d at 427. This rule stems from the recognition that the physiological, functional, and psychological consequences of illness and injury vary with each individual. *Simonson*, 699 F.2d at 429. A given injury may affect one individual in an inconsequential way, whereas the same disorder may severely disable another person who has a greater sensitivity to pain or whose physical condition is deteriorated. *Id. See Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir.1974).

■ The absence of objective medical evidence is only one factor that the adjudicator should consider in evaluating complaints of pain. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.) (*Polaski*) (order), *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated on other grounds*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987) (*Polaski*). In *Polaski*, this court held that the adjudicator must examine the entire record in evaluating a claimant's subjective complaints of pain, giving specific consideration to evidence relating to the following factors:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication; and
5. functional restrictions.

*Id. See Folks v. Secretary of Health & Human Servs.*, 825 F.2d 1259, 1261 (8th Cir.1987). In the present case, the ALJ failed to consider these factors in analyzing appellant's claim.

The ALJ suggests that appellant's complaints were disregarded because appellant failed to establish a physical impairment. The ALJ held that "[a]lthough claimant has complained of lower back pain and stomach problems, this record fails to demonstrate by objective medical evidence that the claimant suffers from a physical impairment." ALJ Order at 4. However, appellant has established a severe impairment of mental retardation and he has also been diagnosed as mildly depressed. The Social Security Act recognizes that a psychological disorder may cause disabling pain. The ALJ erred in requiring evidence of a *physical* impairment to verify complaints of pain. *See Reinhart*, 733 F.2d at 573 (8th Cir.1984); *Cook v. Heckler*, 739 F.2d 396, 398 (8th Cir.1984). The ALJ made no findings concerning whether the impairments appellant established could reasonably be expected to cause pain. Nor did the ALJ find that appellant's complaints were not credible because of inherent inconsistencies in his testimony or other circumstances. *See Reinhart*, 733 F.2d at 573; *Simonson*, 699 F.2d at 428. Rather, the ALJ found that appellant was generally a credible witness. Other than the lack of objective medical evidence proving the existence of disabling pain, the ALJ did not note any inconsistencies in the record undermining appellant's claims of pain.

Accordingly, we affirm the district court's affirmance of the Secretary's denial of presumptive disability, but reverse and remand with directions to the district court to remand this case to the Secretary to reassess appellant's allegations of subjective pain, by evaluating all of the evidence pursuant to the five factors set forth in *Polaski*.