**Celestine L. ARNICK, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 90–1225.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Dec. 12, 1990.

---

Harrison Don King, Clayton, Mo., for appellant.

Wesley D. Wedemeyer, St. Louis, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and McMILLAN,* Senior District Judge.

ARNOLD, Circuit Judge.

Celestine L. Arnick appeals the District Court's order granting summary judgment to the Secretary of Health and Human Services and therefore affirming the denial of disability insurance benefits and supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* In dispute is whether Ms. Arnick suffered from a disability, as defined by the Act, from February 28, 1986 to January 22, 1987.[1] We reverse and remand.

---

* The Hon. James B. McMillan, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

1. While this appeal was pending, Ms. Arnick filed another claim for social security benefits.

In the second proceeding, the Secretary found Ms. Arnick to be disabled with an onset date of January 23, 1987. This later determination is not in question on this appeal.

Ms. Arnick applied for disability benefits on March 26, 1986, claiming a disability onset date of February 28, 1986. The Social Security Administration rejected Ms. Arnick's application initially and on reconsideration. After these rejections, Ms. Arnick requested a hearing before an Administrative Law Judge (ALJ), which was held on October 23, 1986.

At the time of the hearing, Ms. Arnick was a fifty-eight-year old with a high school education. Prior to her claim for social security benefits, Ms. Arnick had worked approximately fourteen years as a state unemployment-claims officer. Record at 29, 30. She testified that she had quit working because she could no longer read the letters on the computer screen. Record at 32. Glasses prescribed for her did not correct this problem. Record at 38. She also testified that her supervisor had suggested to her that she quit working because of her vision and memory problems. Record at 46–47.

In addition to these problems, Ms. Arnick testified about a number of other ailments. She testified that she suffers from dizziness and drowsiness caused by various medications. Record at 33, 39. She stated that she also suffers from forgetfulness, difficulty maintaining her balance, incontinence, and arthritis in her right arm and shoulder. These problems limit Ms. Arnick's daily activities. She cannot walk without difficulty, drive, take the bus, fix her own meals, or lift more than light objects. She does, however, attend church and Bible classes regularly.

The medical records before the ALJ indicated additional problems. Ms. Arnick underwent intermittent examinations beginning in 1983 for right arm and leg numbness. Record at 53. An examination performed on June 24, 1985, indicated possible dissolution of her cervical vertebrae as the cause of this problem. Record at 260–61. Admission to a hospital for fatigue and nausea on July 10, 1985, resulted in colon surgery to remove a tumor. Other tests performed during this hospital stay revealed three other problems: a tumor in the part of her brain that controls her sense of smell, mild deterioration of her cerebellum requiring no immediate treatment, and a narrowing of the spine consistent with progressive degenerative disc disease. Record at 112–21. Ms. Arnick had additional surgery on August 11, 1985, for bowel obstruction.

Dr. L. Paul Stewart, an opthamologist, examined Ms. Arnick on November 11, 1985. He detected an enlarged blind spot, suspected a tumor in the part of her brain that controls vision, and considered her to be a glaucoma suspect. He nevertheless found that her vision was correctable to 20/20 in both eyes with glasses, and that she did not suffer from any ocular disability. Record at 272–74. Her arm and leg numbness continued throughout 1985. Record at 266.

A CT scan performed on March 16, 1986, revealed that Ms. Arnick's tumor discovered in July 1985, had not increased in size. Record at 263. Additional examinations in early 1986 revealed that she suffered from depression, probably caused by her hypertension medication. Record at 256. Nevertheless, she reported no loss of appetite, feelings of hopelessness, or suicidal tendencies. Ms. Arnick's colon problems also persisted throughout 1986. On May 21, 1986, she again underwent surgery to remove another bowel obstruction. Record at 249–50.

After reviewing the evidence presented by Ms. Arnick, the ALJ rejected her application. The ALJ found that Ms. Arnick suffered from a tumor, hypertension, and depression. He concluded, however, that her complaints of pain, forgetfulness, difficulty keeping her breath, and incontinence were not supported by medical evidence. Moreover, he determined that she had the residual functional capacity for work that did not require lifting more than twenty pounds. Since her previous work did not require her to lift more than ten pounds, he concluded that she was capable of performing her previous work. Thus, he concluded

that Ms. Arnick was not disabled under the Social Security Act. Record at 17–18.

Ms. Arnick sought review of the ALJ's decision by the Appeals Council. Despite the fact that she proffered new evidence from Dr. Daniel W. Whitehead, Jr., of her tumor, hypertension, and a growth in her colon, the Appeals Council denied her request for review. The Council discounted Dr. Whitehead's report because it was not supported by specific clinical and laboratory findings. Record at 3–5. After the Appeals Council rejected her request, Ms. Arnick sought judicial review. On September 29, 1989, a magistrate recommended that the District Court affirm the decision of the ALJ. After de novo review of the record, the District Court adopted the magistrate's recommendation on November 13, 1989. This appeal followed.

Our review of disability determinations is limited to determining whether they are supported by substantial evidence on the record as a whole. We conclude that the Secretary's decision here is not so supported. Even if the ALJ properly disregarded Ms. Arnick's complaints of pain, forgetfulness, shortness of breath, poor vision, and incontinence, he erred in failing to consider her medically established conditions in combination. Although there is reference in the ALJ's opinion to a combination of impairments failing to establish disability, Record at 17, there is no indication in the record that the ALJ properly considered the impairments in combination, as required by law. See *Reinhart v. Secretary, Health & Human Services*, 733 F.2d 571, 573 (8th Cir.1984). While each of Ms. Arnick's impairments in isolation may not establish her disability, her combined impairments establish disability as of February 28, 1986.

The record reveals that the ALJ erred in discounting Ms. Arnick's combined impairments because some of them contributed to each other. For example, the ALJ concluded that Ms. Arnick's depression was partially a reaction to her hypertension which led him to discount her depression's severity. Record at 16. It is unclear whether the ALJ viewed Ms. Arnick's hypertension,

or her hypertension medication, as contributing to her depression. The only medical evidence on this point discussed in his opinion refers to her "anti-hypertensive regimen" or medication, as being "somewhat contributory" to her depression. Record at 256. If, as it appears, the ALJ meant that Ms. Arnick's medication contributed to her depression, his later refusal to give credence to her claim that she suffered side effects from her medications (when such a consideration was favorable to her) was inconsistent. Record at 17. Moreover, regardless of whether the ALJ viewed the hypertension medication or the hypertension itself as a factor contributing to Ms. Arnick's depression, this part of his decision indicates an unwillingness to consider the combined impact of her impairments. The fact that Ms. Arnick's hypertension or its medication may have contributed to her depression does not lessen the cumulative effect of these impairments.

The ALJ also discounted uncontradicted evidence of other impairments without examining their cumulative effect. He dismissed Ms. Arnick's claim of numbness in her arm and shoulder (which she characterized as arthritis) as only a mild condition which did not render her disabled. Even though Ms. Arnick continued to work after the onset of this problem, the ALJ erred in disregarding it in evaluating her overall health. Given Ms. Arnick's ongoing complaints about this problem, the ALJ's dismissal of this impairment is not adequately supported by his statement that its existence was supported by only "vague references to cervical spondylosis" in the medical evidence. Record at 16. Moreover, he appears to have ignored completely additional relevant medical evidence indicating that Ms. Arnick suffered from progressive degenerative disc disease. Record at 120.

The ALJ also improperly discounted Ms. Arnick's history of bowel and colon problems. She had three separate surgeries for these problems between July 10, 1985 and May 21, 1986. Thus, at the time she claimed to be disabled, Ms. Arnick had serious recurring intestinal problems for which she was hospitalized repeatedly. The ALJ provided no reason why her latest small-

bowel obstruction, requiring surgery on May 21, 1986, did not contribute to her impairments. Nor did he adequately explain why her history (and probable future) of colon and bowel problems did not contribute to her overall disability.

We conclude that the combination of Ms. Arnick's bowel problems, hypertension, arm and leg numbness, depression, and tumor as of February 28, 1986, rendered her disabled for purposes of the Social Security Act. Since Ms. Arnick has met her burden of producing substantial evidence to support her claim, additional proceedings at this juncture would merely delay her receipt of benefits. Therefore, an order granting benefits is proper, and a remand is unnecessary. See, e.g., *Beeler v. Bowen,* 833 F.2d 124, 128 (8th Cir.1987).

The judgment of the District Court is reversed, and the case is remanded to that Court with instructions to remand it to the Secretary for the calculation and payment of disability benefits for the period between February 28, 1986 (the onset date claimed by the plaintiff), and January 23, 1987 (the onset date found by the Secretary).

It is so ordered.