**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

THOMAS FRIES,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

        Defendant-Appellee.

No. 96-2047
(D.C. No. CIV 95-209 JC/WWD)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Thomas Fries appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his applications for social security disability and supplemental security income benefits. Claimant contends that he has been disabled since January 1990 due to mental retardation and emotional problems. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ determined that claimant had the residual functional capacity to return to his past relevant work that included jobs as a food service worker and janitor. The Appeals Council denied review, making the ALJ's determination the final decision of the

Secretary.[1]  We agree with the district court that ALJ did not commit any reversible error in his analysis and affirm.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  The Secretary's factual findings are conclusive when supported by substantial evidence, § 405(g), which is adequate relevant evidence that a reasonable mind might accept to support a conclusion, Richardson v. Perales, 402 U.S. 389, 401 (1971).

Claimant first contends that the ALJ erred in his step three analysis.  The ALJ found that claimant was severely impaired due to borderline intellectual functioning, but that this impairment did not meet or equal the Listing of Impairments criteria covering mental retardation set forth in 20 C.F.R. § 404,

---

[1] The ALJ also found that at the time of his decision, claimant was engaging in substantial gainful activity, which would require denial of benefits at step one. The ALJ continued with the analysis, however, "giv[ing] Mr. Fries the benefit of the doubt and find[ing] that it is unclear whether he has engaged in substantial gainful activity during the entire time period at issue." Appellant's App. Vol. II at 13. We also note that claimant submitted additional wage information to the Appeals Council, id. at 202, indicating that he was then currently employed as a clerk in a drug store and that his average earnings for at least the past eight months exceeded the $500 a month that ordinarily demonstrates a claimant is engaging in substantial gainful activity. See 20 C.F.R. § 404.1574(b)(2)(vii). Similar to the ALJ, the Appeals Council gave claimant the benefit of the doubt and did not deny benefits at step one. While we also will address claimant's contentions of error, his continued employment colors our analysis.

Subpt. P, App. 1, § 12.05. The initial criteria for this section requires either an IQ of 59 or less, § 12.05B, or an IQ of 60 through 70 coupled with a physical or other mental impairment imposing additional significant work-related limitations, § 12.05C. The ALJ did not find that claimant suffered from any other impairments, rejecting claimant's contention that he was severely impaired due to emotional problems, and claimant does not challenge this finding. Because claimant's lowest score was a verbal IQ of 75, the ALJ concluded claimant's impairment did not meet the listing criteria. Claimant contends that the ALJ erred by failing to perform an adequate assessment of whether claimant's condition was medically equivalent to the listing criteria and that he "should have requested medical expert testimony regarding whether [his] developmental disability causes deficits in his adaptive functioning, which in turn might affect his efforts at sustained competitive employment." Appellant's Br. at 6.

We reject claimant's contention for several reasons. First, he does not explain how an IQ score fifteen points higher than the listing standard could be determined to be equivalent to that standard. See Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990). Second, and more fundamentally, he misconstrues the purpose of the equivalence analysis. Whether a claimant meets or equals a listed impairment is strictly a medical determination. 20 C.F.R. §§ 404.1526(b), 416.926(b). It allows a "presumption of disability that makes further inquiry

unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990). In claiming that the ALJ should have considered at step three his "deficits in his adaptive functioning, which in turn might affect his efforts at sustained competitive employment," claimant is improperly trying to combine the functional analysis performed at subsequent steps into step three in the guise of medical equivalence. See id. at 531. ("A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment."); see also Cockerham v. Sullivan, 895 F.2d 492, 496 (8th Cir. 1990) ("A claimant whose alleged impairment is an I.Q. of 70-79 inclusive has alleged a severe impairment and may be considered disabled after consideration of vocational factors."). Finally, § 12.05 contains its own equivalence standard where "use of standardized measures of intellectual functioning is precluded," § 12.05A. This requires a demonstration of "[m]ental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing)." Id. Claimant does not contend he meets this standard; indeed, the evidence clearly demonstrates that he performs far above this level.

Claimant also argues that the ALJ erred in finding that he could return to his past work. He contends he needs a constant supportive environment, that he should work at most in a sheltered workshop, and that he should work only

-5-

part-time. A vocational evaluator did state that claimant "is best suited for unskilled work to exceed no greater than 20 hours per week," Appellant's App. Vol. II at 229, but none of the other psychiatrists, psychologists or vocational specialists who evaluated claimant placed any limit on how much he could work. Moreover, no evaluator opined that claimant could work only in a sheltered workshop or that he could not perform unskilled work. To the contrary, for example, a vocational specialist concluded after testing claimant's performance in a work environment that "[t]he quantity of work was above sheltered level and the quality was acceptable and considered to be at the competitive level." Id. at 185. A clinical psychologist concluded that, while claimant would benefit from an advisor to help him manage his funds, "[h]e is able to function in a concrete, repetitive kind of way as necessary for minimal work." Id. at 218; see also note 1 above. Though claimant contends that his history of quitting or being terminated from jobs shows that he is incapable of engaging in substantial gainful activity, see Washington, 37 F.3d at 1442-43, he does not challenge the ALJ's conclusion that "there is no evidence that this history is the result of his impairment." Appellant's App. Vol. II at 17. In sum, there was ample evidence to support the ALJ's determination claimant was not disabled.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge