**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARMON CALLINS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6415
(D.C. No. 97-CV-1588)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Harmon Callins appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security disability benefits. Appellant filed for these benefits in September 1994. He alleged disability based on back problems, high blood pressure, and mental retardation. The agency denied his application initially and on reconsideration.

On February 13, 1996, appellant received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that appellant retained the residual functional capacity (RFC) to perform the full range of light work, prior to the expiration of his insured status on March 31, 1994. He found that appellant could not return to his past relevant work, but that there were a significant number of other jobs which he could perform in the national or regional economy. Applying the Rule 202.17 of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. See id. at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education and work experience. See id. at 751.

On appeal, appellant raises three issues: (1) whether the ALJ erroneously found that he did not meet or equal a listed impairment; (2) whether the ALJ denied him due process in his handling of evidence from a post-hearing medical advisor; and (3) whether the ALJ erroneously found that appellant did not have a severe mental impairment. Appellant contends that he has an impairment which meets or equals Listing § 1.05C of 20 C.F.R. Pt. 404, Subpt. P, App. 1. This listing requires a showing of a vertebrogenic disorder (e.g., herniated nucleus puplosus, spinal stenosis):

> with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory reflex loss.

Id.

It is appellant's burden to show that he meets these criteria. See Nielson v. Sullivan , 992 F.2d 1118, 1120 (10th Cir. 1993) (holding that claimant bears the burden of proof through step four of the analysis). In order to assist him in evaluating appellant's claim that he met the Listing, the ALJ obtained a report from Jack D. Spencer, M.D., a medical expert. Dr. Spencer opined that appellant met Listing 1.05C from December 23, 1991 until August 13, 1992. He noted, however, that he did not have any exhibit subsequent to August 13, 1992 from which to determine whether appellant continued to meet the listing after that date.

Appellant argues that there was evidence pertaining to the time period after August 13, 1992 which showed that he continued to meet the Listing for a period of at least twelve months. This evidence consists of a medical report dated July 5, 1994, completed by Dr. Richard F. Harper. In the report, Dr. Harper notes that his examination of appellant's back

> reveals a hip flexion angle of 30 degrees and a true lumbar flexion angle is 30 degrees. Extension is to 10 degrees and lateral bending is to 15 degrees bilaterally. Deep tendon reflexes are less active on the right than the left. There is decreased sensation over the left lateral lower leg. There is weakness of the right hip and leg muscles. Straight leg raising is to 30 degrees on the right.

Appellant's App. Vol. II at 132.

Dr. Harper also stated that x-rays showed "loss of the lordotic curve compatible with musculo-ligamentous injury" and that there was disc derangement at L4 and L5.    Id.  He noted that appellant complained of pain at the beltline radiating into his buttocks and legs, and numbness in his legs. These findings were equal or worse in severity to those Dr. Harper observed on August 13, 1992 and reported in the last report reviewed by Dr. Spencer.

Appellant contends that this latter record, when coupled with Dr. Spencer's opinion, shows that his condition met the Listing criteria for severity for a period lasting more than twelve months, lasting from December 23, 1991 until at least July 5, 1994.  The ALJ rejected Dr. Harper's July 5, 1994 report as evidence that appellant continued to meet the Listing, however, because it was made after the expiration of appellant's insured status by a non-treating physician.  The ALJ acted within his prerogative in refusing to rely on the report as adequate evidence that appellant met the Listing for the full twelve-month period.    Cf. 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 1.00(B) ("Appropriate abnormal physical findings must be shown to persist on repeated examinations despite therapy for a reasonable presumption to be made that severe impairment [under Listing 1.05C] will last for a continuous period of 12 months");    see also  Castellano v. Secretary of Health & Human Servs.   , 26 F.3d 1027, 1029 (10th Cir. 1994) (holding

physician's opinion of disability at step three is not binding on Commissioner; ultimate issue of disability is reserved to the Commissioner).

We note also that the ALJ arranged for an orthopedic examination of appellant to supplement the record. Appellant refused to appear for that consultative examination, without explanation. The regulations warn that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind." 20 C.F.R. § 404.1518. Having refused to appear for a consultative examination scheduled for his benefit, appellant cannot complain when the ALJ rejected his claim that he met a listing for lack of evidence.

Appellant also contends that the ALJ's failure to forward the July 5, 1994 report to Dr. Spencer for evaluation violated his right to due process. The ALJ specifically offered appellant's counsel the opportunity to hold a supplemental hearing concerning Dr. Spencer's report, and to cross-examine Dr. Spencer, and she declined. The ALJ's decision shows that he reviewed the July 5, 1994 report, and that he stated his reasons for determining that the report was insufficient to show that appellant met Listing 1.05C for a continuous period of twelve months.

Appellant fails to show that his right to due process in the administrative proceedings was violated.

Finally, appellant claims that the ALJ failed to consider evidence that he has a severe mental impairment which could affect his ability to work. After the hearing, appellant submitted the results of a WAIS-R intelligence test which was completed on October 14, 1996. The test showed that appellant has an IQ of 79, with a performance IQ of 76 and a verbal IQ of 82. The ALJ stated "[t]his examination does not indicate that the claimant has a severe mental impairment. In these circumstances, preparation of a Psychiatric Review Technique Form is not required." Appellant's App. Vol. II at 16 (emphasis added).

In Cockerham v. Sullivan, 895 F.2d 492, 496 (8th Cir. 1990), the Eighth Circuit stated as follows: "[a] claimant whose alleged impairment is an I.Q. of 70-79 inclusive has alleged a severe impairment and may be considered disabled after consideration of vocational factors" (emphasis added). This circuit has followed Cockerham in two unpublished decisions. See Fries v. Chater, No. 96-2047, 1997 WL 31561, at **2 (10th Cir. Jan. 28, 1997); Turner v. United States Dep't of Health & Human Servs., No. 94-6202, 1995 WL 339402, at **4 (10th Cir. June 7, 1995). We will now follow it in this case as well.

In light of Cockerham, the ALJ erred as a matter of law in deciding that appellant's low IQ scores (the lowest of which was only 76)[1] did not constitute a severe impairment and did not warrant consideration in determining what work he could do. For this reason, we must reverse the district court's decision in part and remand for the limited purpose of having the ALJ conduct further analysis of the effect of appellant's IQ scores on his RFC and his ability to perform work in the national economy.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

---

[1] The Listings related to IQ require the Commissioner to look at the lowest valid IQ score. See Hinkle v. Apfel, 132 F.3d 1349, 1351 (10th Cir. 1997). The same procedure is followed when assessing severity of the impairment. See Cockerham, 895 F.2d at 495 n.5.