# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2020

_____

Judy Elder,                                            *
                                                       *
        Plaintiff - Appellant,                         *
                                                       *    Appeal from the United
    v.                                                 *    States District Court
                                                       *    for the Western District
Jo Anne B. Barnhart,                                   *    Of Arkansas
Commissioner, Social Security                          *
Administration,                                        *
                                                       *        [UNPUBLISHED]
        Defendant - Appellee.                          *

_____

Submitted: September 13, 2002
Filed: December 12, 2002

_____

Before MCMILLIAN and MORRIS  SHEPPARD ARNOLD, Circuit Judges, and
        BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

_____

[1] The Honorable Andrew W. Bogue, United States Senior District Judge for
the District of South Dakota, sitting by designation.

Judy Elder appeals from the final decision of the district court[2] denying her disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. We reverse and remand.

BACKGROUND

Elder is a 54 year old woman with a 10th grade education and past work history as a cook, dietary aide, sewing machine worker, and waitress. She suffered injuries to her left ankle in 1990 as a result of a train accident. Although Elder returned to work for a period of time after the accident, she alleges that she has been unable to work since August 17, 1993, the date she underwent a surgical procedure to fuse her ankle.

On October 5, 1993, Elder filed applications for disability insurance benefits and supplemental security income. Her applications were denied initially and on reconsideration. She requested, and was granted, a hearing before an Administrative Law Judge ("ALJ"), which occurred on February 13, 1995. The ALJ, with the assistance of a vocational expert, determined that Elder was not disabled. The Appeals Council granted a request for review and the case was subsequently remanded for a supplemental hearing.

Subsequent to the supplemental hearing, the ALJ evaluated Elder's claim by considering the familiar five-step sequential analysis as required by the social security regulations. See 20 C.F.R. §§ 404.1520(a)-(f); 416.920. At the first step, the ALJ found no indication that Elder had engaged in substantial activity since August 17, 1993. In the next step of the analysis, the ALJ determined that Elder has S/P fusion of the left ankle, an impairment which caused significant limitations. Although

_____

[2] The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

2

significant limitations existed, at step three of the analysis, the ALJ found that Elder did not meet or equal an Appendix 1 listing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ, at step four, determined that Elder lacked the residual functional capacity to return to her former employment. However, under the final step of the analysis, the ALJ concluded that Elder was not disabled because there existed other jobs in the national economy which she could perform.

The Appeals Council denied Elder's second request for review on February 20, 1999, thus, the determination of the ALJ became the final decision of the Commissioner. Elder sought judicial review of the Commissioner's decision, and on March 19, 2002, the Commissioner's administrative decision was affirmed by the United States Magistrate Judge.

## DISCUSSION

"Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). In determining whether existing evidence is substantial, we consider evidence that detracts from the decision of the Commissioner as well as evidence that supports it. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000).

Elder contends that she met the listing for arthritis of a major weight-bearing joint (due to any cause) and she is entitled, at a minimum, to a closed period of disability. The ALJ found that the Elder's impairment was severe, but did not meet or equal the criteria of a listed impairment. We disagree. After a careful review of the record, we do not find substantial evidence to support this conclusion.

3

To meet the listing requirement for arthritis of a major weight-bearing joint (due to any cause), Elder was required to show:

> [A] history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:
> A. Gross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or
> B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1. § 1.03 (1991).

Whether Elder's impairment met the listing is strictly a medical determination. See Cockerham v. Sullivan, 895 F.2d 492, 496 (8th Cir. 1990). The medical evidence indicates that Elder has a history of persistent joint pain and stiffness with signs of marked limitation of motion. In 1996, Dr. Dale E. Goins noted decreased range of motion in Elder's left ankle. Similarly, the records of Dr. Julius K. Sheppard indicate that in 1997, Elder's left ankle was somewhat limited in its range of motion. It is also undisputed that Elder underwent arthrodesis/fusion of her left ankle, performed by Dr. Lloyd Mercer, on August 17, 1993. Therefore we agree with Elder that the only remaining issue relevant to her claim of a listed impairment is whether she returned to full weight-bearing status within 12 months of August 17, 1993, the onset of her disability.[3] If Elder's disability persisted until August 17, 1994, she would be entitled

---

[3]Although Elder's ankle injury was the result of an accident that occurred in 1990, we conclude, on the limited facts of this case, that the onset of disability was August 17, 1993. The Commissioner found that Elder was unable to engage in employment after this date and she also does not appear to object to its use as the onset of disability date.

to benefits for a minimum of one year.  See Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994) (citing Harris v. Secretary of DHHS, 959 F.2d 723, 724 (8th Cir. 1992).

The Commissioner argues that Elder failed to show that her impairment met the listing requirements.  In support of her argument, the Commissioner cites the absence of treatment records after June 8, 1994.  We have recognized that the denial of benefits may be proper when no medical evidence indicating a serious impairment exists during the relevant time period.  See Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990).  However, lack of medical evidence is not an issue in this case. Competent medical evidence exists which supports Elder's assertion that she was unable to return to full weight-bearing status within 12 months of the onset of her disability. Specifically, the observations and notations of Dr. Mercer, Elder's treating orthopedic surgeon, indicate that Elder's ankle did not unite or fuse completely within 12 months of her surgical procedure.  Several weeks after the surgery, Dr. Mercer indicated that Elder would be unable to work for three months.  He later changed his opinion, and on November 4, 1993, his records indicate that Elder's ankle was not united properly and therefore she  would be unable to work for an additional three months.  Subsequent medical records further indicate that the ankle was not fused by February 2, 1994 or by June 8, 1994.

We particularly find significant the June 8, 1994 dictation by Dr. Mercer, which stated that the ankle was not united, Elder was  undergoing treatment, and, she would be unable to return to work for at least an additional one year period.  This uncontradicted evidence indicates that Elder's ankle did not heal properly after the surgery and that she did not regain full weight-bearing status within 12 months of the onset of her disability.

The Commissioner also contends that the most recent examination by Dr. Sheppard supports the ALJ's finding that Elder's ankle impairment does not meet the § 1.03 listing criteria.  On July 17, 1997, Dr. Sheppard determined that the fusion of

Elder's ankle was solid and that her ability to bear weight on the ankle was fairly normal. It appears that this examination only focused upon Elder's current condition. There is no indication that Dr. Sheppard made any retrospective conclusions. Therefore, his findings only indicate that Elder was not disabled on July 17, 1997, and his opinion does not constitute substantial evidence to support the ALJ's determination that Elder did not meet the § 1.03 listing requirements at an earlier time.

The record indicates that Elder's period of disability continued into 1995, but the medical evidence also indicates that Elder's disability ended sometime prior to July 17, 1997. As there exists no evidence by which we can determine when her period of disability ended, this matter must be remanded for additional consideration to determine when Elder's ankle regained full weight-bearing capacity.[4]

## CONCLUSION

We thus conclude that the record does not contain substantial evidence justifying the denial of disability benefits to Elder. Accordingly, we reverse and remand with directions to award Elder benefits for a closed period of disability, beginning on August 17, 1993 and continuing until the date upon which Elder's ankle regained full weight-bearing capacity.

---

[4] Elder also argues that the Commissioner did not carry her burden of showing that there other work existed in the national economy which she could perform. However, since we have found that Elder met the requirements of a listed disability, we see no need to address this additional argument.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT