Dale NYMAN, Plaintiff/Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant/Appellee.

No. 85–3726.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 1985.

Decided Dec. 26, 1985.

As Amended Feb. 24, 1986.

---

Janet English-Young, Albany, Or., for plaintiff/appellant.

Kathryn A. Warma, Asst. Reg. Atty., Seattle, Wash., for defendant/appellee.

Before ANDERSON and FARRIS, Circuit Judges, and STEPHENS *, District Judge.

STEPHENS, District Judge.

Nyman was born on December 2, 1946, and at the time he appeared before the administrative law judge (ALJ), he was thirty-six years old. He is five feet six and one-half inches tall and has weighed approximately 230 pounds since 1976. On March 5, 1976, Nyman was injured in an automobile accident which left him unconscious for 98 hours and hospitalized for two weeks.

Nyman's past work experience includes six months as a tire repairman, which ended in 1976 when his employer went bankrupt. He subsequently worked part-time doing yard and garden maintenance. He has a high school education, is married and has children.

Nyman applied for Social Security Disability benefits on September 20, 1979. By disability determination of the Social Security Administration dated December 19, 1979, Nyman was informed that he was not eligible for benefits. He reapplied and was again determined to be not eligible on April 20, 1982. He requested a hearing to dispute the denial and was granted a hearing before ALJ W.C. Lynch on February 24, 1983.

Testimony at the hearing revealed that Nyman has not worked since approximately the summer of 1976 due to a variety of alleged physical and mental impairments which he attributes to injuries sustained to his hand and back while working as a tire repairman and to his car accident. Nyman's impairments include organic brain syndrome and pain in his back, neck, right knee and both hands. He also experiences lightheadedness, dizziness, headaches, memory loss, lack of concentration, and is easily upset. His intellectual capabilities are low and he has attendant emotional difficulties including depression.

Nyman has undergone numerous examinations by physicians who have evaluated his physical complaints in reports dating from 1976. The doctors have noted a variety of medically observable conditions to which they relate his complaints of debilitating pain. He had no significant neurological defect, but may be experiencing chronic diffuse pain syndrome. Various causes for complaints which Nyman made between 1976 through 1982 at examinations were suggested by the doctors. There was no general consensus among them in that pain in a particular part of the body was attributed to one physical problem or another and their opinions were expressed in terms of probability. One of Nyman's treating physicians expressed the opinion that Nyman is a hypochondriac, noting that three specialists had found no cause for his complaints. Four different doctors indicated that he was capable of working in some capacity.

A psychologist and rehabilitation counselor testified as a vocational witness at

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

the hearing. He presented information on five jobs that Nyman could perform which did not require heavy physical labor, repetitive bending, or fine finger dexterity. According to the witness, these jobs were available in significant numbers in the national economy and in Nyman's region and only involved simple repetitive tasks.

The Bureau of Hearings and Appeals issued a decision denying benefits on April 9, 1983. The Appeals Council of the Social Security Administration refused Nyman's request for review on September 1, 1983, and the ALJ's decision then became the final determination of the Secretary of Health and Human Services. On November 4, 1983, the final decision of the Secretary was appealed to the district court. U.S. Magistrate Michael R. Hogan filed his findings in this case on November 14, 1983, and his recommendation to deny benefits was adopted by the district court on February 26, 1985.

This court reviews the denial of a benefits decision to determine if it is supported by substantial evidence in the record as a whole and whether it is based on proper legal standards. 42 U.S.C. Section 405(g); *Bilby v. Schweiker,* 762 F.2d 716, 718 (9th Cir.1985). Substantial evidence to support a finding of nondisability means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed.126 (1938)); *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir.1985). If supported by substantial evidence, findings of fact of the Secretary and inferences based thereon will be conclusive. 42 U.S.C. Section 405(g); *Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir.1985).

The claimant has the burden of proof to establish entitlement to benefits. To do so, he must demonstrate that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. Sections 1382c(a)(3)(A), (B).

Nyman contends on appeal that the district court applied an incorrect standard of pain in affirming the Secretary's determination that Nyman was not entitled to disability benefits. The district court based its decision on the holding in *Gonzales v. Harris,* 631 F.2d 143 (9th Cir.1980), which requires subjective complaints of pain to be supported by medically acceptable clinical diagnostic techniques in order to be disabling.

In 1984, Congress enacted the Social Security Disability Benefits Reform Act, Pub.L. 98–460, 98 Stat. 1794 (1984). The 1984 Act states a standard for pain which is binding on this court. At Section 3(a)(1), the Act reads:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or other laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

*See* 42 U.S.C. Section 423(d)(5)(A).

This standard is not inconsistent with the *Gonzales* standard upon which the district

court based its decision, even though the Reform Act is more specific in its language.

Nyman urged that this circuit should adopt the standard of pain set forth by the Eighth Circuit in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984), as stated at page 1322:

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The *Polaski* opinion goes on to point out on the same page that "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." The ALJ had reason to discount Nyman's contentions as to the degree of pain he was experiencing because the medical evidence was conflicting and Nyman's testimony lacked credibility. The ALJ found that Nyman was experiencing some degree of pain, but that it was not as severe as he claimed.

■ Nyman contends that the ALJ relied entirely on personal observations which he calls a "sit and squirm" test and then discounted Nyman's claim of pain.[1] This contention is based on one sentence in the ALJ's decision which reads:

> From my observation of the claimant, strictly as a layman, I could detect no outward appearances of the claimant's being in any severe pain, such as grimacing, shifting of positions, such as one usually associated with the appearance of a person in pain.

The ALJ's decision included an evaluation of Nyman's testimony, the stated opinions of both the examining and treating physicians, objective medical evidence, and Nyman's demeanor at the hearing. The inclusion of the ALJ's personal observations does not render the decision improper.

---

1. The appellation "sit and squirm" test was not used by the ALJ, but first appeared in this case in appellant's brief. The ALJ's observation of Nyman's demeanor was relevant to his credibility and was not offered or taken as a substitute for medical diagnosis. The testimony of Nyman on the subject of his pain took up over 20 pages of transcript. In response to his own counsel's questions, he described what pain he endured. As to the propriety of the procedures,

■ The ALJ's findings on the amount of claimant's pain necessarily involved a question of credibility. An ALJ's assessment should be given great weight. *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir.) *cert. denied* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1981). Further, a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings. *Maounis v. Heckler,* 738 F.2d 1032 (9th Cir.1984). Inconsistencies in Nyman's testimony supported a decision by the ALJ that Nyman lacked credibility.

■ Nyman argued that the ALJ's decision did not comport with the rulings in *Rhodes v. Schweiker,* 660 F.2d 722, 723 (9th Cir.1981), and *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975), because the ALJ rejected the expert opinion of an examining psychologist without stating his reasons for doing so. As noted by the court in *Day v. Weinberger,* 522 F.2d at 1156, n. 2, however, the holding in that case addressed a situation in which there were two uncontroverted medical opinions, and not "the more common situation wherein an examiner must choose between conflicting medical opinion."

The psychologist's report in this case was not uncontradicted. No other doctor concurred in his evaluation of Nyman's limitations, although other doctors did comment on his mental impairments as they related to his physical condition. The report also conflicted with the testimony of the vocational expert. Conclusory opinions by medical experts regarding the ultimate question of disability are not binding on the ALJ. 20 C.F.R. Section 416.927. The ALJ in this case was not obliged to explicitly detail his reasons for rejecting the psychologist's opinion.

There was substantial evidence in the record to support the ALJ's determination that Nyman exaggerated the severity of the pain he experienced. The evidence also supports the finding that Nyman can perform both his past relevant work and other jobs.

see the following cases: *Maounis v. Heckler,* 738 F.2d 1032, 1034 (9th Cir. 1984); *Reinhart v. Secretary of Health and Human Services,* 733 F.2d 571, 573 (8th Cir. 1984); *Montijo v. Secretary of Health and, Human Services,* 729 F.2d 599 (9th Cir. 1984); *Weaver v. Secretary of Health and Human Services,* 722 F.2d 310, 312 (6th Cir. 1983); *Lewis v. Weinberger,* 541 F.2d 417, 421 (4th Cir. 1976).

The district court's order affirming the ALJ's determination that Nyman is not eligible for disability benefits is AFFIRMED.