972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence C. SLAYTER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35367.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided July 22, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The Secretary determined that Clarence C. Slayter ("claimant") was not entitled to disability insurance benefits under Title II of the Social Security Act, as amended. See 42 U.S.C. § 423(d)(1)(A). The district court affirmed the Secretary's decision. Claimant filed a timely appeal. After a full review of the record we conclude that there is substantial evidence to support the determination of the Administrative Law Judge ("ALJ"), see 42 U.S.C. § 405(g); Nyman v. Heckler, 779 F.2d 528, 530 (9th Cir.1985), and affirm the district court.
 
 
 4
 To qualify for disability insurance, an individual must be disabled, defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Secretary employs a five-step process in making this determination. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, if the claimant can engage in substantial gainful activity, then the individual is not disabled. Id. at §§ 404.1520(b), 416.920(b). If not, the Secretary determines whether the claimant has a medically severe impairment or combination of impairments. If the answer to this question in negative, then the individual is not disabled. Id. at §§ 404,1520(c), 416.920(c). Third, if the claimant is medically impaired, the Secretary determines whether the impairment meets or equals one of a number of listed impairments that the secretary acknowledges are so severe as to preclude substantial gainful activity. If the claimant's ailment is within one of these categories, then the individual is presumed to be disabled. Id. at §§ 404.1520(d), 416.920(d).
 
 
 5
 If the claimant is not presumed to be disabled, the process continues to the fourth step where the Secretary determines whether the claimant can engage in past relevant work. Id. at §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, then the individual is not disabled. Finally, if the claimant cannot perform past relevant work, then the secretary has the burden to prove that, given the individual's residual capacities, the individual can perform other work which exists in significant numbers in the national economy. Id. at §§ 404.1520(f), 416.920(f). If other work can be performed, then the claimant does not qualify for disability insurance.
 
 
 6
 The ALJ concluded that Slayter failed to satisfy the fifth and final step. There is no dispute that Slayter has not engaged in substantial gainful activity during the time in question; that he suffers from severe medical impairments, but that those impairments do not presumptively establish disability; or that he is unable to perform his past relevant work. The controversy centers around whether there exist other jobs in the national economy that the claimant is able to perform.
 
 
 7
 Slayter raises four objections on appeal: (i) that the ALJ improperly weighed the testimony of his treating physician; (ii) that the ALJ's findings and conclusions with regard to his alleged pain were not in accordance with the law; (iii) that the ALJ improperly applied Vocational Rule 201.06 on Table No. 1 of Appendix 2, of 20 C.F.R. Part 404, subpart P; and (iv) that the ALJ improperly ignored lay testimony. We address each objection in turn.
 
 
 8
 Slayter does not contend that the ALJ disregarded all of Dr. Hickey's, the treating physician's, testimony, but rather that the ALJ improperly rejected the part of his testimony pertaining to the claimant's residual physical capacities. Dr. Hickey's testimony is generally consistent with the ALJ's findings. Hickey testified that the claimant could frequently lift and carry 10 pounds, could stand or sit for one hour at a time, could sit for up to six hours in an eight hour day, and could use arm controls or fine manipulations. This testimony differs with respect to the ALJ's findings in that the ALJ found that the claimant could lift up to 20 pounds frequently and could stand and sit for up to two hours at a time. These differences are based, among other things, upon the claimant's own testimony as to his abilities which exceeded the estimates of his physician.[1]
 
 
 9
 The ALJ is responsible for determining the credibility of witnesses and resolving conflicts in testimony. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984). Slayter goes to great lengths to suggest how one could, if one were so inclined, reach a conclusion different from that reached by the ALJ, but he fails to demonstrate that there was insubstantial evidence to justify the decision that was made. Substantial evidence, including the claimant's own testimony, supports the ALJ's weighing of Dr. Hickey's testimony.
 
 
 10
 Second, Slayter argues that the ALJ's findings and conclusions with regard to his alleged pain and its disabling effects were not in accordance with established law. The ALJ found that medical evidence supported the conclusion that Slayter suffers a degree of pain, but that the evidence did not establish that the pain was so severe that it precludes all substantial gainful work. The ALJ is free to disbelieve the claimant with regard to the extent and severity of the alleged pain, so long as the adjudicator makes specific findings which support its conclusion. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). Here, the ALJ made specific findings which were supported by medical evidence, including the treating physician's testimony that the claimant was not precluded from all types of work, and the claimant's own testimony as to his abilities. Moreover, the ALJ provided a number of reasons why he believed that Slayter's testimony concerning the extent of the pain was not credible and potentially exaggerated. Our task is not to second guess the ALJ, but rather to determine whether substantial evidence supports the determination. In this case it does.
 
 
 11
 Slayter argues that the ALJ did not specifically address his complaints of recurrent burning and aching discomfort in his calves and ankles, as opposed to his heart and back ailments which were discussed. With regard to these complaints, Slayter has failed to meet the threshold requirement of medically establishing the existence of an impairment. See Fair v. Bowen, 885 F.2d 597, 601 n. 1 (9th Cir.1989). The need to meet this threshold requirement is not obviated by our en banc decision in Bunnell.
 
 
 12
 Third, Slayter argues that he is disabled pursuant to Vocational Rule 201.06, Table No. 1 of Appendix 2, of 20 C.F.R. Part 404, subpart P, which classifies as disabled persons of advanced age who do not have skills readily transferable to skilled and semiskilled sedentary positions. However, this rule applies only to those individuals limited to sedentary work. The ALJ determined that Slayter was capable of performing a limited range of light work.
 
 
 13
 Finally, Slayter argues that the ALJ erred in failing to discuss the lay testimony of Judity Slayter, his sister-in-law. Judith Slayter testified regarding claimant's living situation and daily activities. While regulations require the ALJ to consider observations by non-medical sources, see Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987) (citing 40 C.F.R. § 404.1513(e)(2)), the ALJ's failure to do so in this case does not constitute reversible error. The ultimate findings and conclusions of the ALJ are not inconsistent with the lay testimony.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Slayter argues that he testified that he could perform these tasks but later went on to state that "it would hurt." Such a statement, by itself and without further qualification, does not demonstrate that the ALJ mistakenly assessed the weight to be given to the claimant's assessment of his abilities or that the ALJ's ultimate conclusion is not supported by substantial evidence