993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley A. EVERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-56045.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 13, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Shirley A. Everson (Everson) petitions for review of the district court's grant of summary judgment to the Secretary of Health and Human Services ("the Secretary") upholding the Secretary's denial of her claim for disability benefits. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and AFFIRM.
 
 STANDARD OF REVIEW AND APPLICABLE LAW
 
 3
 "The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) (quotations omitted). "We review the district court's summary judgment independently." Id. "Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). "To determine whether substantial evidence supports the ALJ's decision, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." Id. (quotations and brackets omitted).
 
 
 4
 "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. The ALJ is likewise responsible for resolving ambiguities." Id. (citations omitted). "We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." Id.
 
 
 5
 The claimant has the burden of proof to establish entitlement to benefits. To do so, he must demonstrate that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months.
 
 
 6
 Nyman v. Heckler, 779 F.2d 528, 530 (9th Cir.1985) (citing 42 U.S.C. §§ 1382c(a)(3)(A), (B)). The Disability Insurance programs are intended to provide benefits to people who are unable to work, not to claimants who experience pain which is nondisabling. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).
 
 
 7
 Everson's past relevant work was that of a sales clerk, mail clerk, accounts receivable clerk, invoice clerk and file clerk. To make a prima facie showing of disability, Everson must show that she cannot perform her past work. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984). Once this is shown, the burden shifts to the Secretary to show that Everson can perform "other work" considering her residual functional capacity, age, education, and work experience. Id. at 1456. The Secretary can make such a showing by taking the testimony of a vocational expert who is asked a series of hypothetical questions which set out all of the claimant's impairments. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 578 (9th Cir.1988) (Pregerson, J., concurring). The vocational expert is then called upon to determine what kinds of jobs the claimant can perform and whether there are a sufficient number of those jobs available in the region. Id.
 
 DISCUSSION
 
 8
 To overcome the rigorous "substantial evidence" standard of review, Everson must show that there was less than a "scintilla" of evidence to support the Secretary's decision as announced by the ALJ. While the ALJ did not expressly discuss some of the evidence which was more favorable to Everson, there was more than a scintilla of evidence to support his decision.
 
 
 9
 First, the medical evidence supports the ALJ's conclusion that Everson was able to perform a full range of sedentary work activity including some of her past relevant work: (1) Dr. Yeung, a treating surgeon, concluded that she could return to her previous occupation so long as she avoided very heavy lifting; (2) Dr. Russell Nelson, a physician Everson consulted in connection with her worker's compensation claim, also concluded that she could return to her previous occupation so long as she avoided heavy lifting and prolonged standing and walking; and (3) Dr. Nussdorf, another doctor Everson consulted with regard to her worker's compensation claim, suggested only that she avoid heavy lifting, running, jumping, etc.
 
 
 10
 Second, the ALJ's findings that Everson's subjective complaint of pain was minimal and remedial were "specific and justifiable;" Magallanes, 881 F.2d at 755 (ALJ must make a specific and justifiable finding that the claimant's testimony is not credible). The ALJ's findings were based on the following substantial evidence: (1) Everson sought no medical treatment for her complaints, Fair, 885 F.2d at 603 (claimant's failure to seek treatment relevant in finding of nondisability); see generally Swanson v. Secretary of Health & Human Servs., 763 F.2d 1061, 1065 (9th Cir.1985) (claimant's discontinuation of medical treatment relevant in finding complaints of pain exaggerated); (2) Everson testified that her only analgesic medication was Advil which successfully reduced her pain if she took it four days a week; (3) Everson's complaints were unsupported by medical evidence, see Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989) ("claimant must submit objective medical findings establishing medical impairments"); (4) Everson was able to operate a car and received a driver's license without restriction; and (5) Everson was able to do some cooking, sweeping, dusting, dishes and shopping, see Fair, 885 F.2d at 603 (ability to do household chores relevant to evaluation).
 
 
 11
 Third, the ALJ's decision is supported by the vocational expert who testified that while Everson could not return to her past work as a sales clerk, she could return to all her other past clerical jobs.
 
 
 12
 Thus, because the ALJ's decision was based on "significant evidence," we cannot disturb the result. The district court correctly granted summary judgment in favor of the Secretary.
 
 
 13
 Everson counters that (1) the ALJ's findings are inadequate because they do not consider vocational evaluation evidence prepared by the Casa Colina Career Development Center ("Casa Colina report"); and (2) the ALJ's reliance on the testimony of the vocational expert was improper because the expert's opinion was based on an incomplete hypothetical.
 
 
 14
 a. The Casa Colina Report
 
 
 15
 Everson argues that the Casa Colina report, which supported her disability claim, should have been considered by the ALJ because Social Security Ruling 88-13 requires the ALJ to give full consideration to all available evidence. She continues that the ALJ's failure to include the Casa Colina report in its findings rendered the ALJ's findings inadequate.
 
 
 16
 While Everson is correct that the ALJ should consider the Casa Colina report under Social Security Ruling 88-13, the evidence indicates that he did. The ALJ stated that he had carefully considered the entire record in this case.
 
 
 17
 It would appear then that Everson's real complaint is that the ALJ failed to make express findings with regard to the Casa Colina report. However, this court has held that the ALJ "need not discuss all evidence presented[;] ... rather, [the ALJ need only] explain why significant probative evidence has been rejected." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.1984) (emphasis added). An example of significant and probative evidence is uncontroverted medical evidence. Id. at 1395. The Vincent court found controverted medical evidence and lay testimony to be neither significant nor probative. Id. In the present case, the Casa Colina report is a vocational, not a medical report, and it is controverted by the medical evidence. Under Vincent, such evidence is neither significant nor probative. Therefore, the ALJ was not required to make detailed factual findings.
 
 
 18
 Moreover, we must defer to the ALJ's resolution of conflicts in testimony. Magallanes, 881 F.2d at 750. The ALJ implicitly rejected the conclusions of the Casa Colina report in favor of the medical reports and other indicia which, as discussed, were sufficient to uphold the ALJ's decision. Thus, the Casa Colina report has no effect on the outcome.
 
 
 19
 b. The Vocational Expert
 
 
 20
 Even if we concede Everson's argument that the conclusions of the vocational expert were improperly based on an incomplete hypothetical, there is still "significant evidence" other than this testimony to support the ALJ's decision. Therefore, this issue has no effect on the outcome.
 
 
 21
 Everson's substantive argument also fails. She claims the hypothetical was incomplete because it did not include (1) her complaints of increasing pain, or (2) the findings of the Casa Colina report. This court has held that "[t]he limitation of evidence in a hypothetical question is objectionable only if the assumed facts could not be supported by the record." Id. at 757 (quotations omitted).
 
 
 22
 As for Everson's complaints of increasing pain, "[t]he ALJ's findings on the amount of [a] claimant's pain necessarily involve[s] a question of credibility" and such an assessment of credibility "should be given great weight." Nyman, 779 F.2d at 531. Here the record of Everson's activities and the fact that she did not seek medical care support the ALJ's conclusion that her complaints of pain were exaggerated. Therefore, the exclusion of this evidence from the hypothetical question is not objectionable. See Magallanes, 881 F.2d at 757.
 
 
 23
 As for the Casa Colina report, as discussed above, there was conflicting medical evidence in the record contradicting the conclusions of the report. The facts assumed in the hypothetical were supported by this medical evidence. Therefore, the hypothetical question is not objectionable on this basis.
 
 CONCLUSION
 
 24
 Given the highly deferential standard of review, we find no basis to reverse the district court's decision.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3