52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert CUROT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-56435.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided April 6, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Claimant Robert Curot appeals from the decision of the district court granting summary judgment in favor of the Secretary of Health and Human Services (the "Secretary") on Curot's petition for judicial review of the Secretary's final decision denying his application for disability benefits under Title II of the Social Security Act. Curot contends that the Secretary erred in (1) rejecting the opinion of Curot's treating physicians; and (2) determining that Curot had the residual functional capacity ("RFC") to perform medium work. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 4
 Curot filed an application for social security benefits on June 28, 1990. Curot, who had worked in a shipyard for some 29 years prior to retiring in 1989, contended he was disabled as a result of a loss of use and pain in his hands stemming from burns he suffered in an industrial accident in 1974. His application was denied by the Social Security Administration and on reconsideration. Curot requested and received a hearing before an administrative law judge ("ALJ"), who denied Curot's application in a written decision issued on March 24, 1992.
 
 
 5
 The Social Security Appeals Council granted Curot's request for review. Although the Appeals Council disagreed with some of the ALJ's findings, it nonetheless affirmed his determination that Curot possessed an RFC for medium work and was thus not disabled. The decision of the Appeals Council, issued on October 30, 1992, became the final decision of the Secretary.
 
 
 6
 Curot thereafter filed a petition in district court seeking judicial review of the Secretary's decision. The district court denied Curot's Motion for Reversal or Remand and granted the Secretary's Cross Motion for Summary Judgment.
 
 II.
 
 7
 We review de novo the decision of a district court granting summary judgment. Jones v. Union Pacific R. Co., 968 F.2d 937, 940 (9th Cir.1992). The appellate court's review is governed by the same standard applied by the trial court. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). A reviewing court will not set aside the Secretary's findings unless they are based on legal error or are not supported by substantial evidence in the record. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). When supported by substantial evidence, the Secretary's findings of fact are conclusive. 42 U.S.C. Sec. 405(g); see Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985).
 
 III.
 
 8
 The ALJ must afford greater weight to a treating physician's opinion because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (citations omitted). However, the ALJ may disregard the treating physician's opinion, whether or not that opinion is contradicted, and need not accept a treating physician's opinion that is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion" Id.
 
 
 9
 To reject the opinion of a treating physician that conflicts with that of an examining physician, the ALJ must "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowens, 853 F.2d 643, 647 (9th Cir.1987).
 
 
 10
 The ALJ in the instant case expressly rejected the opinion of Dr. Daniel Denenberg, Curot's treating physician, that Curot was permanently disabled. The ALJ noted that Dr. Denenberg's assertion, contained in two brief letters to Curot's employer and his union local, was not supported by clinical findings or other evidence. Moreover, Dr. Denenberg had previously written that Curot's impairments were not disabling and would not preclude his return to work. Additionally, the ALJ noted that Dr. Denenberg's opinion was contradicted by that of other physicians whose opinions were based on independent examinations and objective clinical testing. These included Dr. Ernesto Fernandez, a board-certified surgeon, who found Curot capable of medium-level work.
 
 
 11
 In short, the ALJ did make findings setting forth specific, legitimate reasons for rejecting Dr. Deneberg's opinion. Moreover, those findings are supported by substantial evidence in the record.
 
 
 12
 Curot's complaint regarding the ALJ's rejection of the opinion of examining neurologist Frank Nelson, M.D., is similarly without merit. Dr. Nelson, who examined Curot at Dr. Denenberg's request, reported that the results of Curot's diagnostic tests were essentially normal and that the examination yielded "no evidence of a peripheral neuropathy." Dr. Nelson nonetheless agreed, without explanation, with Dr. Denenberg's conclusion that Curot was totally disabled. Dr. Nelson's conclusory opinion regarding the ultimate issue of Curot's alleged disability was not binding on the ALJ. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1985).
 
 IV.
 
 13
 The Secretary's findings that Curot was capable of performing a reduced range of medium work[1] is supported by substantial evidence of record. Such evidence includes the opinion of one examining physician, Dr. Fernandez, that Curot was limited to lifting up to 50 pounds and standing for up to six hours, and another, Dr. Milan Brandon, that Curot could perform such tasks as dressing himself and writing without difficulty, despite the impairments involving his hands. The ALJ also noted a report by Curot's physical therapist indicating that Curot performed better on strength tests when he thought he wasn't being monitored. The Secretary's findings are also buttressed by the testimony of Dr. Richard Jones, a vocational expert, who opined that someone with Curot's exertional limitations could perform a number of unskilled factory jobs, such as shipping, wrapping and packing, that exist in significant numbers in the national economy.
 
 V.
 
 14
 We AFFIRM the judgment of the district court.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. Sec. 404.1567(c)