108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cristina DE LA VEGA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary, Commissioner of Social
Security, Defendant-Appellee.
 No. 95-56799.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 16, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cristina De La Vega appeals the denial of mother's insurance benefits under 42 U.S.C. §§ 402(d) and 402(g) of the Social Security Act. We affirm the denial of benefits.
 
 
 3
 Cristina and Mariano De La Vega had a daughter Mariana on July 11, 1971. In March 1984, Mariano De La Vega was killed in Mexico where they were living.
 
 
 4
 On April 10, 1984 Cristina De La Vega returned to the United States to apply for Social Security benefits. In her application, she indicated that she had never been married, that Mariana was not legitimate, adopted, a stepchild, or a dependent grandchild, but "other," the correct designation for the child of a single parent. Cristina wrote on the signature page that "Mariano and I only lived together. We were never married." She also stated "I was never married. Mariano & I lived together since the child's birth. Mariano always treated her as his child." At that time, the Social Security Administration conducted an investigation to determine whether Mariana really was the natural child of Mariano and Cristina. Cristina's application for child's benefits was granted and Cristina returned with Mariana to live in Mexico.
 
 
 5
 In 1988, after Mariana had turned 16, Cristina returned to the United States and applied for mother's insurance benefits for the period between her original application for child's benefits and the time Mariana turned 16. Cristina argues that she attempted to apply for mother's insurance benefits in 1984, but the social security claims administrator refused to accept her application unless she showed a marriage certificate. Cristina now offers a Mexican marriage certificate and claims that she and Mariano were married on December 31, 1972.
 
 
 6
 Cristina's application for mother's benefits was denied initially and on reconsideration. After hearings, the administrative law judge (ALJ) also denied benefits on two grounds. First, the ALJ found that Cristina's first effective application for mother's benefits was on December 2, 1988. Because at that time she had no child under 16 living with her, she was not entitled to benefits. Second, the ALJ found that Cristina was not legally married to Mariano, the wage earner. Subsequently, the Appeals Council declined review. The District Court affirmed the ALJ finding that Cristina was not married to Mariano and did not reach the question of the effective date of Cristina's application for mother's benefits. This appeal followed.
 
 
 7
 We review the findings of the Commissioner to see if they are supported by substantial evidence. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990). "Substantial evidence" means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990). As the trier of fact, the ALJ determines credibility and resolves factual conflicts in the evidence. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). We accord the ALJ's credibility finding considerable weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1985).
 
 
 8
 Mother's insurance benefits under the Social Security Act are available only to wives or widows of eligible wage earners. 20 C.F.R. § 404.339. The claimant bears the burden to show that she is eligible for benefits. 42 U.S.C. § 1382c(a)(3)(G); Sanchez v. Secretary of HHS, 812 F.2d 509, 511 (9th Cir.1987).
 
 
 9
 Substantial evidence supported the ALJ's finding that Cristina was never married to Mariano. Cristina relies on a Mexican marriage certificate to prove that she was married to Mariano. Other facts in record, however, tended to prove the contrary. First, the marriage certificate itself was flawed; it gave the wrong age for Cristina. Next, in 1984, in her application for child's benefits, Cristina explicitly said that she was not married to Mariano and that Mariana was "other," the correct designation for the child of an unmarried mother. Also, at this hearing, Cristina had to explain why she had not pursued her application for mother's benefits sooner. The ALJ was free to assess the credibility of her testimony and the plausibility of her story.
 
 
 10
 Accordingly, there was substantial evidence in the record to support the ALJ's determination that the marriage certificate was unreliable and that Cristina had not sustained her burden to show that she was married to Mariano. Cristina was therefore not eligible for mother's insurance benefits under the Social Security Act.
 
 
 11
 Because Cristina did not show proof she was ever married to Mariano, she would not be eligible for mother's insurance benefits, no matter when she filed her application. Like the District Court, we therefore express no opinion whether Cristina should be granted a protective filing date of April 10, 1984.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3