Carlos GARIBAY, Plaintiff–Appellant,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 00–56163.

D.C. No. CV–98–01642–RJK.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2002 **.

Decided April 12, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,*** District Judge.

MEMORANDUM ****

Garibay did not provide sufficient medical evidence to establish that he suffers from an impairment or combination of listed impairments or their medical equivalent. *See Young v. Sullivan,* 911 F.2d 180, 181 (9th Cir.1990). The doctors' reports relied upon by the ALJ constitute substantial evidence that Garibay is capable of a full range of light work. *See Macri v.*

---

** The Honorable Harlington Wood Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

* Jo Anne Barnhart is substituted for her predecessor Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**468**

*Chater,* 93 F.3d 540, 543–44 (9th Cir.1996) (holding the ALJ is entitled to draw logical inferences flowing from the California Workers' Compensation guidelines).

The ALJ properly relied upon the Vocational Guidelines rather than using a vocational expert, since substantial evidence supported the finding that Garibay's non-exertional limitations did not significantly affect his exertional capabilities. *See Razey v. Heckler,* 785 F.2d 1426, 1430, *as amended,* 794 F.2d 1348 (9th Cir.1986). The ALJ also appropriately discredited Garibay's claims of pain because he had not made similar complaints to his doctors. *See Moncada v. Chater,* 60 F.3d 521, 524 (9th Cir.1995). Additionally, the ALJ did not err by commenting that Garibay looked physically well at the hearing. *See Nyman v. Heckler,* 779 F.2d 528, 531 (9th Cir.1985).

Finally, the ALJ did not have a duty to further develop the medical record. This duty is only triggered when the medical evidence "is inadequate to make a determination as to the claimant's disability." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.