Sylvia A. **ARMSTRONG**, Plaintiff—Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** Defendant—Appellee.

No. 01–56895.

D.C. No. CV–99–01063–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Jan. 8, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Sylvia Armstrong appeals the district court's grant of summary judgment in favor of the Social Security Administration. We exercise our jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Armstrong principally objects to the Administrative Law Judge's reliance on the conclusions of a non-treating, consulting physician over those of her treating physician. The ALJ must provide "specific and legitimate reasons ... supported by substantial evidence in the record" for rejecting a treating or examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). Where, as here, the ALJ has "[set] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," he has met that burden. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (internal quotation marks omitted).

Nor did the ALJ err in rejecting the evaluating psychologist's conclusions. "Conclusory opinions by medical experts regarding the ultimate question of disability are not binding on the ALJ." *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1985).

Finally, to the extent that the ALJ found Armstrong lacked credibility, this determination was supported by Armstrong's testimony, evidence of her daily lifestyle, and her demeanor at trial. *See Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir.1999) (requiring " 'specific, cogent reasons' " for disbelieving claimant); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (requiring express reasons for rejecting claimant's subjective complaints);

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (upholding ALJ's use of daily activity evidence in determining credibility); *Nyman*, 779 F.2d at 531 (allowing personal observations at hearing as part of credibility determination).

## AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the