**Louis E. HOPKINS, Plaintiff–
Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner
of Social Security, Defendant–
Appellee.**

No. 05–55635.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed April 13, 2007.

Henry F. Reynolds, Santa Monica, CA,
for Plaintiff–Appellant.

Nancy M. Lisewski, Esq., Social Securi-
ty Administration Office of the General
Counsel, San Francisco, CA, for Defen-
dant–Appellee.

---

\* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration.    Fed.
R.App. P. 43(c)(2).

Before: CANBY and SILVERMAN, Circuit Judges, and JONES,** District Judge.

MEMORANDUM ***

Louis Hopkins appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial of benefits. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005). We may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." *Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1457 (9th Cir.1995). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

■ We reject Hopkins's assertion that the ALJ erroneously failed to consider limitations resulting from his neck pain and the side effects of his medications. The ALJ specifically found that Hopkins had discogenic disk disease and noted that Hopkins experienced mild tenderness over the paracervical muscles. The ALJ was not obligated to consider Hopkins's claim that his medication made him drowsy because Hopkins provided no evidence to support this claim other than a statement in his daily activities questionnaire. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1985) ("[A] claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings.").

■ We also reject Hopkins's contention that the ALJ erred in finding not credible his testimony regarding the severity of his symptoms. The ALJ provided ten reasons, supported by medical evidence in the record, for rejecting Hopkins's testimony. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony).

■ Finally, Hopkins argues that the ALJ erred in finding that he could perform his past relevant work as a camera shop manager. Although the vocational expert's testimony supports Hopkins's position, the ALJ was not required to call a vocational expert at step four. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir.1996). Moreover, other evidence in the record supports the ALJ's finding, including Dr. Moore's opinion, medical consultant Franklin Kalmar's conclusion that Hopkins was capable of working, and evidence of Hopkins's ability to clean, cook, do laundry, and garden, all of which require gripping. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (it is reasonable for an ALJ to conclude that a claimant is capable of working if he can perform household chores that involve the same physical tasks as a particular type of job). Although, as the district court noted, another ALJ may have reached a different conclusion, this ALJ's conclusion was supported by substantial evidence in the record and therefore must be upheld. *See Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld).

**AFFIRMED.**

** The Honorable Robert Clive Jones, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.