**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2015


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD TESTER,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>    Defendant - Appellee. | No. 14-35210<br><br>D.C. No. 3:12-cv-01313-HU<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 9, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Edward Tester appeals the district court's order affirming the decision of the

Commissioner of Social Security denying Tester's application for benefits. We

have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and vacate the

district court's judgment and remand.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Administrative Law Judge ("ALJ") employed the five-step analysis to determine whether Tester was disabled.[1]  In the course of applying that analysis, the ALJ determined that Tester had a residual functional capacity ("RFC") for "simple, 1-2 step work."  The ALJ heard testimony from a vocational expert ("VE") that a person with Tester's RFC could perform work as a cannery worker or mail clerk.  Accordingly, the ALJ found that there were jobs Tester could perform despite his limitations and that therefore he was not disabled.

Tester argues that the ALJ erred, because there is an apparent conflict between the ALJ's testimony and the Dictionary of Occupational Titles ("DOT").  One element of the definitional trailer attached to a job in the DOT is the General Education Development Reasoning Levels.  DOT, App. C (4th ed. 1991).  At Reasoning Level 1, a worker is required to "[a]pply commonsense understanding to carry out simple one- to two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  *Id.*  By contrast, a worker at Reasoning Level 2 is required to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral

---

[1]The Social Security regulations prescribe a five-step evaluation to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920(a)(4) (2015).  We explained the five-step evaluation in detail in *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.* The jobs that the VE identified Tester could perform required Reasoning Level 2 or higher. Tester contends that his RFC for "simple, 1-2 step work" is in apparent conflict with Reasoning Level 2, and that he is limited to Reasoning Level 1 work. The district court disagreed and held that there was no apparent conflict.

We review a district court's order affirming an ALJ's decision denying social security benefits de novo. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). "We review the Commissioner's disability decision 'to determine if it is supported by substantial evidence in the record as a whole and whether it is based on proper legal standards.'" *Id.* (quoting *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir. 1986)).

"When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("SSR 00-4p"). Neither the VE's testimony nor the DOT trumps the other; if there is a conflict between them, the ALJ must resolve the conflict before he can rely on the VE's testimony to determine that a claimant is or is not disabled. *Id.* at *2. We have interpreted SSR

00-4p as "explicitly requiring that the ALJ determine whether the expert's testimony deviates from the *Dictionary of Occupational Titles* and whether there is a reasonable explanation for any deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). There is no dispute that the ALJ failed to recognize or resolve any apparent conflict in this case.[2]

Tester primarily contends that, because the language in his RFC closely tracks the language in Reasoning Level 1, a limitation to "simple, 1-2 step work" is inconsistent with the requirements of Reasoning Level 2. Recently, we decided a similar issue in *Rounds v. Commissioner of Social Security*, No. 13-5505 (9th Cir. August 4, 2015). In *Rounds*, we relied on *Zavalin v. Colvin* to hold that an RFC for "one to two step tasks" was in apparent conflict with "the demands of Level Two reasoning, which requires a person to 'apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Rounds*, slip op. at 11–13 (alteration omitted). Because there was an apparent conflict that the ALJ did not address, the court could not determine whether the ALJ's decision was

---

[2]The Commissioner's argument that the ALJ was entitled to rely on the VE's response that there was no conflict is unavailing. ALJs have an affirmative responsibility to resolve apparent conflicts, *see* SSR 00-4p, and a VE's answer that there is no conflict does not eliminate that duty where, as here, the record evinces a potential conflict.

supported by substantial evidence. *Id.* at 13. Accordingly, remand was required for the ALJ to resolve the conflict. *Id.* at 14.

Tester's case is indistinguishable from *Rounds*. Tester's RFC also included a limitation for "1-2 step work." The addition of the restriction that Tester be limited to "simple, 1-2 step work" reinforces the conclusion compelled by *Rounds* that Tester's RFC is in apparent conflict with Reasoning Level 2. Therefore, the ALJ erred by not resolving this conflict and was not entitled to rely on the VE's testimony when determining whether Tester was disabled at step 5.

Even though the ALJ erred by failing to resolve a conflict, we do not remand if the error were harmless. *See Massachi*, 486 F.3d at 1154 n.19. The Commissioner asserts that the error was harmless, because Tester had previously performed Reasoning Level 2 work and substantial evidence indicated he could still perform that work. We disagree. The Commissioner fails to give any significance to the evidence in the record that Tester's capacity had diminished since his previous employment. Tester asserted that he left his prior job, because his condition was deteriorating. He feared that the increased pain, and the medication he needed to take to manage it, impaired his focus and his vision such that he would be a danger to himself or others. In essence, Tester asserted that he could no longer perform Reasoning Level 2 work. We also find important to this

analysis that Tester had a tenth grade education and took special education classes. We are left with a grave doubt on the record before us that Tester can perform Reasoning Level 2 work.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.

Costs to be awarded to Tester.

**VACATED AND REMANDED**.