NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VERONICA A. VALDEZ,

      Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

      Defendant - Appellee.

No. 23-4098

D.C. No.
1:22-cv-00102-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted October 21, 2024[**]
Portland, Oregon

Before: HAMILTON, VANDYKE, and H.A. THOMAS, Circuit Judges.[***]
Dissent by Judge HAMILTON.

    Veronica Agnes Valdez appeals the district court's order affirming the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, 7th Circuit, sitting by designation.

denial of her application for Social Security benefits. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

1. The administrative law judge (ALJ) properly evaluated the consistency and supportability of the medical opinion evidence, and substantial evidence supports the ALJ's determinations. *Woods v. Kijakazi*, 32 F.4th 785, 791–94 (9th Cir. 2022); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ properly relied upon Valdez's medical evaluations and functional report in denying her claim for the periods when she was not taking Tysabri for her multiple sclerosis. Valdez's claim that the ALJ "cherry-picked" evidence merely restates her view that the ALJ improperly weighed the medical evidence in the record.

2. The ALJ provided "specific, clear, and convincing reasons" for discrediting Valdez's subjective symptom testimony. *Smartt v. Kijakazi*, 53 F.4th

2

489, 499 (9th Cir. 2022). The ALJ properly relied upon Valdez's activities of daily living, performance at her medical evaluations, and testimony at her hearing. *See id.* at 499–500; *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985).

3. Substantial evidence supports the ALJ's determination that Valdez's multiple sclerosis was not per se disabling. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). To the extent Valdez argues that the ALJ's discussion of her limitations resulting from her multiple sclerosis was insufficiently detailed when discussing her step three listing, "any error was harmless" because the ALJ "extensively discussed" Valdez's multiple sclerosis elsewhere in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Valdez otherwise points to no evidence suggesting that the ALJ erred in finding that she did not have a marked limitation in physical functioning. The ALJ properly relied upon Valdez's activities of daily living, performance at her medical evaluations, and engagement with others at her hearing to find that she had only a moderate limitation in concentrating, persisting, and maintaining pace.

4. The ALJ was not required to specifically discuss the frequency of Valdez's medical appointments in determining her residual functional capacity, especially when Valdez did not testify that she would have to miss work to attend her medical appointments. *See Ford*, 950 F.3d at 1156.

**AFFIRMED.**

*Valdez v. O'Malley*, No. 23-4098

HAMILTON, Circuit Judge, dissenting:

I agree with much that is said in the majority's memorandum disposition, but I respectfully dissent from the bottom-line affirmance. In denying disability benefits to Ms. Valdez, the administrative law judge focused on the beneficial effects of her treatment with Tysabri, a drug administered through intravenous infusion once a month. The problem here is that the ALJ did not also consider the negative side effects.

In deciding on disability, the ALJ must "consider all factors that might have a significant impact on an individual's ability to work." *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993). These factors "may include side effects of medications as well as subjective evidence of pain." *Id.* at 818; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (directing ALJs to consider type, dosage, effectiveness, and side effects of medications). Failure to address negative side effects is not an error if there is "no evidence of side effects severe enough to interfere with [claimant's] ability to work." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir.2001). But that is not the case here.

Ms. Valdez presented evidence of two kinds of negative side effects that impede her ability to work. First, she testified that after receiving her monthly infusion, she is very fatigued for a week afterwards and does not return to her

(already impaired) baseline functional capacity for another week after that.

Second, the combination of her impairments requires that she spend far more time with doctors than would be tolerated with full-time employment.

The ALJ's opinion addressed whether scheduling the Tysabri infusions would interfere with a job, but the ALJ did not engage with the evidence that the infusion causes disabling fatigue for one to two weeks afterwards. If that testimony is credited, and it does not seem to have been disputed directly, it is difficult to see how Ms. Valdez would not qualify for disability benefits. The ALJ needed to engage with the evidence on this critical factual issue of disabling side effects. That is a sufficient basis for a remand here.

As for the heavy schedule of medical appointments, the ALJ noted that Ms. Valdez failed to argue that she was unable to adhere to her treatment schedule while working full-time. She may have thought it obvious, as I do, that a person who needs to attend five to seven medical appointments per month is likely to find it very difficult to hold a full-time job. The ALJ also should have addressed this key issue more specifically. See *Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir. 2000) (remanding to address claimant's evidence "that her ongoing treatment during the period of claimed disability rendered full-time work impossible.").

Finally, I am troubled by the government's responses on these issues, which seem to be debating a straw man. The government mischaracterizes Ms. Valdez's

petition as arguing for "categorical" rules or that "merely" having difficulty getting to medical appointments would qualify her for disability benefits. I read her arguments as narrower and more case-specific. They are based on her "aggressive multiple sclerosis," as well as other serious impairments and evidence that the side effects of the treatment of her multiple sclerosis would prevent her from attending enough to hold a full-time job. My bottom line is that the ALJ did not engage in a meaningful way with important evidence. A remand for a fresh look at the evidence supporting Ms. Valdez's claim would be the better course here.