**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES DOVER,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

  Defendant-Appellee.

No. 99-5035
(D.C. No. 97-CV-295-EA)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Charles Dover appeals an order of the magistrate judge, sitting

for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c),

---

*   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirming the decision of the Commissioner of Social Security that he is not disabled within the meaning of the Social Security Act and denying his claim for disability benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

Dover claims disability due to mental retardation. He was born in 1957 and completed the tenth grade taking special education classes. His past relevant work includes janitorial work and odd jobs such as yard cleaning and painting. He last worked in 1992. He is not married and has no children.

On February 29, 1996, following an administrative hearing, the Administrative Law Judge (ALJ) first determined that Dover did have a severe mental impairment of borderline intellectual ability, but that he did not meet or equal the criteria in listing 12.05(C) for Mental Retardation and Autism. *See* 20 C.F.R., pt. 404, subpt. P., App. 1, 12.05 C (Listing 12.05(C)). The ALJ then determined, at step four of the five-step sequential process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Dover retained the residual functional capacity (RFC) to perform his past relevant work as a janitor. Thus, the ALJ found that Dover was not disabled and not entitled to disability benefits. The Appeals Council affirmed the ALJ's decision, making it the Commissioner's final decision. We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and whether the Commissioner

-2-

applied the correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

## I. The Listing Requirement

On appeal, Dover first argues that the ALJ erred, at step three, in determining that he did not meet the criteria in Listing 12.05(C) for Mental Retardation and Autism. Listing 12.05(C) presumes a claimant to be disabled if he meets a two-pronged test: (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70" and (2) "a physical or other mental impairment imposing additional and significant work-related limitation of function." *See* 20 C.F.R., pt. 404, subpt. P., App. 1, 12.05(C). Where verbal, performance and full-scale IQ scores are provided, as on the Wechsler Adult Intelligence Scale-Revised (WAIS) test, the Commissioner must consider the lowest of these scores in conjunction with Listing 12.05(C). *See* 20 C.F.R., pt. 404, subpt. p., app. 1, 12.00 D.

On the WAIS test, Dover had a verbal IQ of 72, a performance IQ of 74, and a full scale IQ of 72. Because his lowest score was a full-scale IQ of 72, the ALJ concluded Dover's impairment did not meet the criteria of Listing 12.05(C). Despite the fact that none of these IQ scores fall within the 60-70 range required by Listing12.05(C), Dover contends on appeal that he met the IQ requirement of Listing 12.05(C) because there is a standard margin of error in IQ tests. Relying on a letter from a psychologist and an article by Dr. Wechsler indicating there is

a margin of error in IQ testing, Dover claims that his IQ would have fallen within the 60-70 range if the ALJ had taken into account this margin of error.

We have previously rejected precisely this same "margin of error" argument by claimant's counsel. In *Brainard v. Secretary of Health and Human Servs.*, No. 93-5173, 1994 WL 170783, at **1 (10th Cir. May 5, 1994), we held that:

> We are without authority to modify the clear language of the regulations simply because [claimant's] attorney read a paper by a psychologist recommending that the standard deviation be taken into account. . . . The [Commissioner] is authorized to enact regulations "to regulate and provide for the nature and extent of the proofs and evidence . . . in order to establish the right to benefits." 42 U.S.C. [§] 405(a). Under these circumstances, the [Commissioner's] "legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron[,] U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). We can only assume that the [Commissioner] was aware of the standard deviation when setting the IQ score threshold at 70 points. Because there is no evidence that the [Commissioner] acted arbitrarily or capriciously, [claimant's] argument that he actually met the mental retardation criteria [applying a standard deviation] is meritless.

*Id*.; *see also Ellison v. Sullivan*, 929 F.2d 534 (10th Cir. 1990) (finding that claimant's verbal IQ of 72 did not satisfy the two-part test of Listing 12.05(C)).

We note that all of the circuit courts that have considered similar "margin of error" arguments with respect to Listing 12.05(C) have rejected it. *See Anderson v. Sullivan*, 925 F.2d 220, 223 (7th Cir. 1991) (standard error range should not be factored into Listing 12.05(C)'s IQ score because the Commissioner was entitled to rely on the plain language of the regulation); *Newland v. Apfel*,

No. 97-4339, 1999 WL 435153, at **6 (6th Cir. June 17, 1999) (holding that claimant is not entitled to "margin of error" because Social Security regulations do not provide for functional equivalency when test scores are specified) (unpublished disposition); *Bennett v. Bowen*, No. 88-3166, 1989 WL 100665, at **4 (4th Cir. Aug. 28, 1989) (rejecting claimant's margin of error argument, characterizing it as an assertion that "'close counts in horseshoes' as well as the Listings") (unpublished disposition); *see also Cockerham v. Sullivan*, 895 F.2d 492, 495 (8th Cir. 1990) (holding that claimant's IQ score of 71 could not be liberally construed to meet the requirements in Listing 12.05(C)).

The regulations do not indicate that standard errors of measurement should be taken into consideration in determining whether an individual satisfies a limitation criteria. Incorporating a margin of error into a claimant's IQ test results "would effectively expand the requisite I.Q. under [L]isting 12.05(C) . . . [and] would alter the range of I.Q.s which satisfy [Listing 12.05(c)] in contradiction of the federal regulations interpreting the Act." *Bendt v. Chater*, 940 F. Supp. 1427, 1431 (S.D. Iowa 1996). Thus, we hold that the ALJ was not obligated to take into consideration a margin of error in applying Listing 12.05(C) and that his finding that Dover did not qualify under Listing 12.05(C) was supported by substantial evidence on the record.

## II.  Step Four Findings

Dover next contends that the ALJ erred by failing to make required findings regarding the demands of his past relevant work and his ability to meet those demands given his RFC, citing *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), and *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359 (10th Cir. 1993).  The claimant bears the burden at step four of proving he cannot return to his past relevant work, either as he performed it or as it is performed in the national economy.  *See Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993).  At step four, the ALJ must perform a three-phase evaluation of a claimant's physical and mental residual functional capacity, the physical and mental demands of the claimant's past relevant work, and "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one."  *Winfrey*, 92 F.3d at 1023.  The ALJ must make specific findings at each step.  *See id*.

The record shows that the ALJ questioned Dover and the vocational expert (VE) about the demands of Dover's past work.  The ALJ obtained adequate factual information about Dover's past work demands to determine the physical and mental demands of claimant's past work.  In his decision, the ALJ specifically cited the testimony of the VE concerning the demands of Dover's past work.  Although the ALJ's findings as to the requirements of Dover's

-6-

former job and how they mesh with his impairments are brief, we find that the ALJ adequately considered Dover's RFC, the physical and mental demands of his past work, and whether he has the ability to meet those job demands despite his RFC limitations. *See Winfrey*, 92 F.3d at 1022.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge